**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2758-17T2

ROBERT J. TRIFFIN,

     Plaintiff,

v.

WILLIAM J. BERRY, JR.,
JAMES L. STANKO, CHAMPION
PUMPING AND PAVING, INC.,
CHAMPION PAVING, and
DURATECH,

     Defendants,

and

WILLIAM J. BERRY, JR.,

     Third-Party Plaintiff-Appellant,

v.

ALAN STANKO, DURATECH,
JOSEPH GILK, RICKY GILK,
and HARDDRIVES LLC,

     Third-Party Defendants-Respondents.

_____

Submitted February 27, 2019 – Decided March 25, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-001423-17

Fran J. Garb, attorney for appellant.

Respondents have not filed briefs.

PER CURIAM

Third-party plaintiff William J. Berry, Jr. appeals from a September 13, 2017 order entering default judgment against third-party defendants Alan Stanko, Duratech, Joseph Gilk, Ricky Gilk, and Harddrives, LLC. Berry also appeals from a January 12, 2018 order denying reconsideration of the judgment. We affirm.

Plaintiff Robert J. Triffin obtained a judgment, in the amount of $4426.32, against Berry for a dishonored check. Berry simultaneously obtained a judgment against third-party defendants for $7514. Berry's judgment is the subject of this appeal.

Plaintiff purchases dishonored checks and then sues the non-paying party to enforce payment. In this matter, Berry issued a check to third-party defendants in the amount of $3800. The check was cashed at a licensed check

cashing agency. However, the check was dishonored by Berry's bank for insufficient funds.

Plaintiff purchased the right to the dishonored check and demanded payment of the face amount from Berry in accordance with N.J.S.A. 2A:32A-1. After Berry refused to pay, plaintiff filed suit to collect the $3800 dishonored check amount, plus interest and costs.

In connection with plaintiff's suit to collect the dishonored check, Berry filed a third-party complaint against third-party defendants alleging fraud, misrepresentation, breach of contract, and violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -195, seeking "the amount of $1,800 together with treble damages . . . ."

According to the allegations in the third-party complaint, in June 2016, Berry wrote a check for $3800 payable to Duratech for paving work done in 2015. Subsequently, Duratech, through Stanko and the Gilks, claimed Berry still owed the $3800 for paving work. Berry issued another check on June 29, 2016, but Berry disputed $3800 remained due. According to Berry, the parties then negotiated a different amount for the 2015 paving work. Berry instructed Duratech, Stanko, and the Gilks to destroy the $3800 check. With the understanding that the $3800 check would be destroyed, on June 30, 2016, Berry

A-2758-17T2

issued a check for $1800 payable to Duratech. That check was cashed on July 1, 2016.

After receiving plaintiff's complaint, Berry reviewed his financial records. He discovered an April 11, 2015 contract with the Gilks and Harddrives, LLC, for the 2015 paving work and realized he had no contract with Stanko or Duratech. The contract price for the paving work was $4350, which Berry paid in full.

When he was served with plaintiff's complaint, Berry learned the $3800 check was not destroyed and was presented to Berry's bank for payment.

Berry claimed Stanko and Duratech fraudulently misrepresented that he still owed money for the 2015 paving work. Additionally, Berry asserted Duratech, Stanko, and the Gilks violated the CFA by making "an unconscionable, deliberate and knowing act of fraudulent misrepresentation" that Berry owed additional money for paving work. In his third-party complaint, Berry demanded "$1,800 together with treble damages, attorney fees, pre- and post-judgment interest and costs of suit . . . ."

Plaintiff and Berry each filed motions for summary judgment in support of their claims. Plaintiff sought $4924.88 from Berry for the dishonored check,

including interest and costs. Berry filed a motion for summary judgment as to liability on his third-party claims.

On June 28, 2017, the motion judge granted plaintiff's motion, entering judgment against Berry in the amount of $4426.32. The judge also granted Berry's summary judgment motion, finding liability against third-party defendants.[1] The judge instructed Berry to submit "proofs with respect to the amount due to him by [third-party defendants] or appear at a proof hearing to determine the same."

Berry filed a certification in support of his damage claims against third-party defendants. Berry requested reimbursement for the amount of the judgment entered in favor of plaintiff ($4426.32) and the $1800 check, and requested the amount be trebled in accordance with the CFA for a total of $18,678.96, excluding attorney's fees, costs, and interest. Berry sought attorney's fees in the amount of $14,304 and costs in the amount of $813.59. Berry demanded a total of $33,796.55 on his third-party claims.

---

[1] Third-party defendants were in default for failure to answer Berry's third-party complaint.

On September 13, 2017, the judge entered default judgment against third-party defendants in the amount of $7514.[2]  The judge noted the relief in the ad damnum clauses of the third-party complaint demanded "the amount of $1,800 together with treble damages, attorney fees, pre- and post-judgment interest and costs of suit on all other legal and equitable relief found by the trier of fact."  The judge explained that "[n]owhere does [Berry] demand judgment of both the $1,800 and the $4,426.32."  The judge also determined that Berry never paid third-party defendants the $3800 because Berry's certification, dated May 11, 2017, stated he "timely instruct[ed] . . . [his] bank on or about June 30, 2016 not to fund the check #10550 in the amount of $3,800 . . . ."  Based on these findings, the judge concluded, "[t]here is simply no justification to treble the $3,800."

On the issue of Berry's attorneys' fees, the judge stated N.J.S.A. 56:8-19 authorizes the award of "reasonable attorneys' fees," and found Berry's request for fees in the amount of $14,304 was "not reasonable."  In reviewing the certification of services, the judge determined counsel's certification

> was significantly deficient as to the [t]hird [p]arty [d]efendants.  It appears that the majority of the legal work was for services in defense of the [p]laintiff's claim which was sustained.  The [t]hird [p]arty

---

[2]  The judge calculated judgment in favor of Berry for $1800, which the judge trebled in accordance with the CFA, plus $130 for costs and $1984 for attorney's fees.

A-2758-17T2

[d]efendants defaulted and there was no heavy lifting thereafter. Consequently, the [c]ourt has . . . reviewed the billing and determined what it considered was a reasonable fee for the services rendered. Furthermore, there was no justification for costs totaling $813.59. The only costs awarded are $130 which pertain to the [t]hird [p]arty action.

Plaintiff filed a motion for reconsideration, which the judge denied.

On appeal, plaintiff argues the following:

POINT I

THE LOWER COURT ERRED WHEN IT FAILED TO FULLY APPLY THE CONSUMER FRAUD ACT AS A BROAD REMEDIAL LEGISLATION ENACTED FOR THE PROTECTION OF CONSUMERS OF A VARIETY OF GOODS AND SERVICES.

POINT II

THE LOWER COURT ERRED WHEN IT FAILED TO ACKNOWLEDGE THAT DEFENDANT DID PAY THE PLAINTIFF THE DAMAGES AWARDED BY THE COURT AND THAT THIS PAYMENT IS ALSO AN ASCERTAINABLE LOSS DEFENDANT SUSTAINED BY THE CONDUCT OF HIS CO-DEFENDANTS AND THIRD PARTY DEFENDANTS.

POINT III

THE LOWER COURT ERRED WHEN IT FAILED TO AWARD DEFENDANT, AS A PREVAILING PARTY, ALL REASONABLE ATTORNEY FEES, FILING FEES AND COSTS OF SUIT INCURRED TO DEFENDANT THE [sic] PLAINTIFF'S LITIGATION

7

AND PURSUE THE DEFENDANT'S LITIGATION AGAINST CO-DEFENDANTS AND THIRD PARTY DEFENDANTS.

We review a trial court's legal conclusions de novo, while deferring to all factual conclusions that have substantial support in credible evidence. Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017); Rova Farms Resort v. Inv's Ins. Co., 65 N.J. 474, 483-84 (1974). Our review of discretionary decisions focuses on whether the trial court "pursue[d] a manifestly unjust course." Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div. 1996) (quoting Gittleman v. Jersey Bank & Trust Co., 103 N.J. Super. 175, 179 (App. Div. 1967)).

A pleading, whether a complaint, cross-claim, or third-party complaint, must set forth "the facts on which the claim is based, showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the pleader claims entitlement." R. 4:5-2. In asserting a CFA claim, a heightened standard for pleading applies, requiring "particulars of the wrong, with dates and items if necessary, . . . insofar as practicable." Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 112 (App. Div. 2009) (quoting R. 4:5-8(a)).

The purpose of a pleading is to "fairly apprise the adverse party of the claims and issues to be raised at trial." Spring Motors Distribs., Inc. v. Ford

Motor Co., 191 N.J. Super. 22, 29 (App. Div. 1983). A pleading need not "spell out the legal theory upon which it is based" so long as the pleading asserts facts sufficient to notify the defendant of the conduct at issue and the relief sought. Teilhaber v. Greene, 320 N.J. Super. 453, 464 (App. Div. 1999) (quoting Farese v. McGarry, 237 N.J. Super. 385, 390 (App. Div. 1989)).

Berry's cross-claim and third-party complaint assert "breach of obligations" and violations of the CFA. In the counts addressed to "breach of obligations," Berry claims third-party defendants breached their bargained-for duties to Berry by cashing the $3800 check. The ad damnum clause seeks "$1,800 together with pre- and post-judgment interest and costs of suit, including but not limited to all costs and damages that may be granted in favor of the plaintiff and against [Berry], and any and all other legal and equitable damages . . . ."

In the counts alleging a violation of the CFA, Berry claims third-party defendants defrauded him by falsely promising to destroy the $3800 check in return for his issuing a new check in the amount of $1800. In alleging a violation of the CFA, Berry claims, "[a]s a direct result of the actions of [third-party defendants], . . . Berry suffered a loss in the amount of $1800, in addition to attorney fees, costs of suit, the loss of interest on said funds, and enormous

physical stress and repercussions for being sued by the herein [p]laintiff."  In his prayer for relief on the CFA claims, Berry demands $1800, "together with treble damages, attorney fees pre- and post-judgment interest and costs of suit on all other legal and equitable relief . . . ."

Having reviewed the record, including the prayers for relief set forth in Berry's cross-claim and third-party complaint, we are satisfied the trial court correctly held Berry failed to assert a claim for treble damages for any amount Berry might be obliged to pay to plaintiff as a result of third-party defendants' misrepresentations and fraud.  The amount to be trebled, per Berry's stated CFA claim against third-party defendants, is limited to $1800.

We next consider Berry's claim that the trial court erred in failing to award the full amount of the attorney's fees requested.  We review an award of attorney's fees for a "clear abuse of discretion," and disturb an award "only on the rarest of occasions."  Heyert v. Taddese, 431 N.J. Super. 388, 444 (App. Div. 2013).

The motion judge held Berry was entitled only to the fees associated with prosecuting his claims against third-party defendants.  Since third-party defendants never answered the third-party complaint, default was entered.  The judge concluded there was "no heavy lifting" involved in Berry obtaining default

judgment against third-party defendants. In reviewing the certification submitted by Berry's counsel, the judge observed that most of the legal fees related to Berry's defense of plaintiff's claim. The judge explained Berry's litigation with plaintiff did not overlap with his litigation against third-party defendants and thus discounted most of the attorney's fees on that basis.

We discern no basis to disturb the amount of fees awarded by the judge. The judge assessed the legal tasks performed by Berry's counsel related to the third-party claims and the time expended in connection with the prosecution of the third-party complaint in determining a "reasonable" fee award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2758-17T2